United States District Court
Southern District of Texas
**ENTERED**
September 28, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Carol Stillwell, *A single person With her authorizing Power of Attorney over her son Richard Stillwell,* <br>      Plaintiff,<br><br>v.<br><br>Pine Village North Association,<br>      Defendant. | § § § § § § § § § § § | Civil Action H-21-2131 |

# Memorandum and Recommendation

Wilbert Richard Stillwell[1] sued Pine Village North Association (Pine Village) in the 333rd District Court of Harris County, Texas, on October 27, 2016. (D.E. 1 at 1.) Almost five years later, on June 30, 2021, Stillwell filed a notice of removal to the Southern District of Texas. (D.E. 1.) Pine Village moves to remand the case to state court and seeks costs and fees incurred as result of this federal action. (D.E. 3.) Pine Village also moves for sanctions under Federal Rule of Procedure 11 (D.E. 4.) Stillwell has not responded to either motion. The court recommends that Pine Village's motion to remand be granted and that the case be remanded to the 333rd District Court of Harris County, Texas. Pine Village's request for an award of costs and fees is granted in part. Pine Village's motion for Rule 11 sanctions is granted in part.

*1. Background*

Because Stillwell failed to respond, the motions are deemed unopposed. *See* S.D. Tex. L.E. 7.4. Because the motion to remand is dispositive of the case in this court, relief should not be granted

---

[1] Although the caption indicates that Carol Stillwell is the Plaintiff, Richard Stillwell is the Plaintiff in the underlying state court action and Carol Stillwell is attempting to act on her son's behalf. Carol Stillwell does not appear to be an attorney and has made no attempt to join this action. The court considers Richard Stillwell to be the Plaintiff.

"simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (so concluding in the context of an unopposed summary judgment motion). Instead, the court may accept the unopposed facts set forth in the motion as undisputed. *C.f. Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (affirming the district court's acceptance of the facts in support of the defendant's summary judgment motion as undisputed, where the plaintiff made no opposition to the motion). Thus, the court takes as true the matters alleged in the pending motions.

In 2016, Wilbert Stillwell sued Pine Village in the 333rd District Court of Harris County, Texas, seeking declaratory judgment that he was not responsible for payment of maintenance fees on his property. (D.E. 3 at 4.) Pine Village states in its motion that Stillwell was notified that the case was set for a two-week bench trial to begin on June 28, 2021. (D.E. 3 at 3.) On June 30, 2021, Stillwell filed the notice of removal. (D.E. 1.) Stillwell asserts that the court has federal question subject matter jurisdiction. *Id.* Pine Village argues (1) the Stillwell's notice is untimely and (2) the state court pleadings do not establish federal question jurisdiction. (D.E. 3.)

2. *Removal is Procedurally Improper and Remand is Required*

If a civil action filed in state court could have been filed in federal court, a defendant may remove the action to the district court with original jurisdiction. 28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists and that the removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995)). The procedure for removal of civil actions is found in 28 U.S.C. § 1446.

"Removal based on federal question jurisdiction is determined by reference to the well-pleaded complaint." *Eggert v. Britton*, 223 F. App'x 394, 397 (5th Cir. 2007). Stillwell failed to attach a copy of the original petition filed in state court. The Notice of Removal (D.E. 1) states in a conclusory fashion that various of the Plaintiff's constitutional rights have been violated. "[S]ubject matter jurisdiction

2

cannot be created by simple reference to federal law." *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 694 (5th Cir. 1995). Moreover, according to Pine Village's Motion to Remand, Stillwell's live pleadings in state court do not raise any constitutional violations. Stillwell has failed to demonstrate the existence of a federal question, and the case must be remanded.

Removal in this case is also procedurally improper. Under 28 U.S.C. § 1446(a), "[*D*]*efendants* desiring to remove any civil action from a [s]tate court shall file in the district court of the United States . . . within which such action is pending a notice of a removal . . . together with *a copy of all process, pleadings, and orders* served upon such . . . defendants in such action." (emphasis added). Although federal courts liberally construe pro se pleadings, pro se litigants must still comply with the rules of civil procedure. *Bird v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). Under § 1446, only defendants may file a notice of removal. Stillwell is the plaintiff in this matter and chose to sue in state court. Removal to this court is thus procedurally improper. Stillwell also failed to attach copies of all process, pleadings, and orders as required by § 1446(a) when he filed the notice of removal.

The notice of removal is also several years late. A notice of removal must be filed within thirty days of service of the initial pleading or receipt by the defendant of any paper from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b). "The time limitations in 28 U.S.C. Section 1446 are mandatory and must be strictly construed . . . ." *Hodge v. Stallion Oilfield Servs.*, No. CIV.A. H-07-CV-2255, 2007 WL 2777771, at *1 (S.D. Tex. Sept. 20, 2007) (quoting *S.M. v. Jones*, 794 F.Supp. 638, 639 (W.D.Tex.1992)). Here, Stillwell waited almost five years to file a notice of removal.

For all of these reasons, this case must be remanded to state court.

### 3. *Fees and Costs*

Pine Village's motion to remand seeks attorney's fees under 28 U.S.C. § 1447(c) and sanctions under Federal Rule of Civil

3

Procedure 11. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). Fees should be denied if the removing party had an objectively reasonable basis in removal and reasons for departing from this rule "should be faithful to the purposes" of the statute. *Id.* at 141.

The court is convinced that that Stillwell's removal of this case was objectively unreasonable. This court recognizes that Stillwell is proceeding *pro se*, but Stillwell's late removal, which occurred during trial in state court, is a misuse of the Federal Rules of Civil Procedure. *See Brook Forest Cmty. Ass'n Inc v. Norris*, No. 4:20-CV-2814, 2021 WL 3832930, at *1 (S.D. Tex. Jan. 29, 2021) (stating that a *pro se* defendant's mailing his second notice of removal two days before the state-court case was set for trial may be a "misuse of the Federal Rules of Civil Procedure by interfering with the state court's orderly handling of its docket"). Reimbursement of fees and costs is thus warranted.

Because Pine Village failed to attach any evidence of its fees, hours worked on the instant motions, or justification of its hourly rate, the court is left to estimate the fees based on the court's judgment and experience.

The issues presented are basic and uncomplicated. The court concludes that an hourly rate of $250 is warranted. The law contained in the motions is well-understood and the court estimates that it would take no more than two hours to prepare each motion. An award of $1,000 in attorney's fees is just. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (reciting several factors relevant to determining an award of attorney's fees).

Pine Village also seeks sanctions under Rule 11. Under Rule 11(c)(4), sanctions are limited to that which will deter repetition of the improper conduct. The court believes that the award of fees in combination with an admonishment will suffice to serve the purpose of Rule 11. Stillwell is hereby ADMONISHED that any further misuse of the Federal Rules of Civil Procedure or any further

4

misrepresentations to the court will result in monetary sanctions or an order to show cause why he should not be held in contempt of court.

*4. Conclusion*

The court recommends that Pine Village's motion to remand be granted. Pine Village's request for attorney's costs and fees is granted in part.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on September 28, 2021.

Peter Bray
United States Magistrate Judge